UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| IN RE APPLICATION OF USA PURSUANT | ) | ML No: 1:19-ml-00364 |
| TO 18 U.S.C. § 3512 FOR ORDER FOR | ) | |
| COMMISSIONER'S APPOINTMENT FOR | ) | |
| AGGRAVATED FRAUD AND | ) | |
| MISAPPROPRIATION | ) | |
| _____ | ) | |

*Reference:*     *DOJ Ref. # CRM-182-58697*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Aaron P. Gershbock, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Spain.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.     The Central Authority of Spain, the Ministry of Justice, submitted a request for

assistance (the Request) to the United States, pursuant to the Instrument as contemplated by

Article 3(2) of the Agreement on Mutual Legal Assistance between the United States of America

and the European Union signed 25 June 2003, as to the application of the Treaty on Mutual

Legal Assistance in Criminal Matters between the United States of America and the Kingdom of

Spain signed 20 November 1990, Spain-U.S., Dec. 17, 2004, S. TREATY DOC. NO. 109-13

(the Treaty).  As stated in the Request, Section Two of the District Court of Barcelona, Spain, is

prosecuting Sergio Pujol Fernandez (Pujol) for aggravated fraud and misappropriation, which

occurred between on or about March 2013 and October 2013, in violation of the criminal law of

Spain, specifically, Articles 248, 249, and 250.1, and Article 252 in relation to Article 249 of the

Spanish Criminal Code, respectively.  Under the Treaty, the United States is obligated to assist in

response to the Request.

      2.      According to Spanish authorities, in March 2013, Pujol contacted the victim to

propose a partnership for a construction project in Miami, Florida.  Pujol told the victim he

would incorporate a company in which the victim would be a 90% shareholder.  Pujol would

retain a 10% stake.  Both of their shares would be held by a third-party holding corporation that

Pujol designated.  The victim trusted Pujol, having both reviewed the documentation Pujol

provided in support of this proposed business venture and having known Pujol for years.

Together, they opened a corporate account at Wells Fargo Bank, a U.S.-based bank, account

number ending 9897, to which both Pujol and the victim had access.

      3.      Pujol began to seek money from the victim.  Pujol sent the first request to the

victim, allegedly for money to set up the company in Miami, a few days after the March 2013

agreement.  The victim sent Pujol €18,150 via bank transfer.  The second request was for funds

to pay additional company set-up costs and accommodation for Pujol and a collaborator.  The

victim paid Pujol a total of €17,000 in May through July of 2013, of which €1,500 was sent via

bank transfer on July 23, 2013.  The third request was for €200,000, to pay for the work permit

required in the United States.  The victim refused, due to lack of funds.  The fourth request was

for the difference between the €200,000 previously sought and what Pujol claimed he had been

able to raise himself via loans. The victim paid €70,000 as follows: €15,000 on September 30, 2013, to a bank account Pujol designated at Wells Fargo Bank; €25,000 on October 1, 2013, to the same account Pujol designated at Wells Fargo Bank; and €30,000 in cash on October 2, 2013. The victim then sent €9,000 more to Pujol's wife. In total, the victim paid €114,150.

4.      After the last money transfer, and hearing no news about the project, the victim tried to contact Pujol, but was not successful. The victim went to Miami to inquire after the holding company involved in the project. Upon arriving in Miami, the victim learned the holding company did not exist. Moreover, the victim learned that Pujol had changed the password to the corporate account they shared at Wells Fargo Bank, thus taking full control of all money therein. The victim further learned that, on October 4, 2013, Pujol moved $50,000 from that bank account to a personal account unconnected to Pujol's project with the victim. A handwritten note indicated the transfer was sent "to account 6338 WF."

5.      To further the investigation, Spanish authorities have asked U.S. authorities to provide bank records pertaining to account number ending 9897 at Wells Fargo Bank and any U.S.-based bank account to which the bank transfers described above may have been sent.

## LEGAL BACKGROUND

6.      A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7.      The United States and Spain entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Kingdom of Spain, Spain-U.S., pmbl, Nov. 20, 1990, S. TREATY DOC. NO. 102-21.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures.  Treaty, Annex, Article 1(2).  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty, Annex, Article 5(1). ("The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.").

8.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*                        *                        *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

*                        *                        *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

11. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

12. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the

---

OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. <u>See</u> 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Central Authority in Spain, and seeks assistance in the prosecution of aggravated fraud and misappropriation – criminal offenses in Spain.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

13.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F.

Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to

collect the evidence requested without notice to any person other than the recipient(s) of any

given commissioner subpoena.

15.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Aaron P.

Gershbock, Trial Attorney, Office of International Affairs (or a substitute or successor

subsequently designated by the Office of International Affairs) as a commissioner, authorizing

the undersigned to take the actions necessary, including the issuance of commissioner's

subpoenas, as needed, to collect the evidence necessary to execute any pending request for

assistance and any subsequent supplemental requests in connection with the same matter, to do

so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199


By:     *Aaron Gershbock*
Aaron P. Gershbock
Trial Attorney
CA Bar Number 266351
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-5275
Aaron.Gershbock@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
IN RE APPLICATION OF USA PURSUANT      )
TO 18 U.S.C. § 3512 FOR ORDER FOR          )
COMMISSIONER'S APPOINTMENT FOR        )
AGGRAVATED FRAUD AND                        )
MISAPPROPRIATION                                  )
_____)

*Reference:     CRM-182-58697*
***(Please repeat when responding.)***

<u>COMMISSIONER'S SUBPOENA</u>

TO: _____

      I, Commissioner Aaron P. Gershbock, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on _____, for the purpose of rendering assistance to

_____, command that you provide the following documents regarding (an) alleged

violation(s) of the laws of _____; specifically, _____, in

violation of Section _____ of the _____ Code.

      Provide records to International Affairs Specialist _____by emailing them to

_____ or by mailing via FedEx either a paper copy of the records or any

commonly used digital storage device loaded with the files to the following mailing address by

_____, 20__:

         International Affairs Specialist Jonathan William Rosario
         U.S. Department of Justice
         Office of International Affairs
         1301 New York Avenue, N.W., 8th Floor
         Washington, D.C. 20530
         202-305-9800

Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or its contents is to be given to any person unless otherwise authorized to do so by the Court, except that _____ may notify its attorney for the purpose of obtaining legal advice.

For failure to provide records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

_____
COMMISSIONER
Aaron P. Gershbock
Trial Attorney
CA Bar Number 266351
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-5275
Aaron.Gershbock@usdoj.gov

2